IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | 4:20-CR-00187 |
| v. | ) ) | |
| ANDREW CHARLES HARTWIG, | ) ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | ) ) ) ) | |

## I.     Introduction

The Defendant was an oral surgeon with a crippling fentanyl addiction. Only after the nursing staff at his practice reported concerns that a box of fentanyl had been unsealed and repackaged, did Defendant self-report he had "skimmed" fentanyl from his office for personal use and diluted fentanyl vials in the process. The government is sympathetic to Defendant's struggle with substance abuse but his egregious conduct while tending to patients as an oral surgeon warrants a term of imprisonment.

## II.     Procedural Background and Sentencing Issues

On October 31, 2022, a one-count United States Attorney's Information was filed charging Defendant of Tampering with Consumer Products, a violation of Title 18, United States Code, Section 1365(a)(4). (Dkt. 8.) That same day, Defendant waived Indictment and pleaded guilty to the one-count Information. (Dkt. 12, 18.) The parties entered into a plea agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and agreed the Court should impose a sentence of not more

than 36 months' imprisonment. (Dkt. 18.) The Court accepted Defendant's guilty plea on December 14, 2022, and deferred decision as to acceptance of the plea agreement until the Court had reviewed the presentence investigation report. (Dkt. 24.)

The parties had no objections to the facts or guideline calculation detailed in the Presentence Report. The only issue at sentencing is a determination of the sentence to be imposed in this matter.

### III. Defendant Should be Sentenced to 30 Months' Imprisonment

The government respectfully requests that the Court accept the Rule11(c)(1)(C) plea agreement and impose a sentence of 30 months' imprisonment. Additionally, the government respectfully requests imposition of a $15,000 fine.

Defendant's reckless actions jeopardized the safety of his patients. Fortunately, despite having tampered with at least 299 vials of fentanyl, Defendant's practice never received any patient complaints regarding insufficient sedation, pain control or infection. Notably, in an FDA laboratory analysis of 14 randomly selected punctured vials, six were contaminated with bacteria and all 14 had diluted fentanyl levels of varying degrees.

The lengths to which Defendant went to conceal his actions are troubling. Defendant only stopped his conduct once he knew he had been caught by his practice's nurses and fellow surgeons. On July 3, 2019, the nursing staff reported their concerns about possible tampering of the outer packaging on a box of fentanyl vials to another of the practice's surgeon. The box appeared to have been opened and resealed with clear tape. Another nurse informed a different surgeon of a similar issue at a separate

office location. In response, the surgeons changed the security code on the drug safe, disabled key access and installed a security camera in one of the practice's offices. On July 9, 2019, the fentanyl vials in the disturbed packaging were more closely examined and pinholes were visible on the caps of most vials. On July 10, 2019, all vials were quarantined, and the offices stopped administering fentanyl. The surgeons informed Defendant what had occurred.

That night, Defendant self-reported by email to the Iowa Dental Board and others that he had "skimmed" fentanyl from his office to deal with chronic low-back pain. He stated he diluted the fentanyl so that patients would still receive some when administered from the tampered vials. From the random testing performed by the FDA, the percentage of fentanyl ranged from 5.04 to 99.8 percent.

Defendant engaged in this behavior for an extended period of time. Defendant admitted to tampering with the vials by at least April of 2019 and continuing until at least July 10, 2019.

During the investigation of the defendant in August of 2019, one of the surgeons stated that a year and a half earlier, a nurse had reported to him another issue with boxes of fentanyl being taped.

In December of 2021, a surgeon notified investigators that an electrician had been installing a light in the ceiling of the physician's bathroom and located six vials in a box hidden in the ceiling – five were labeled as fentanyl and one was labeled as nalbuphine. The expiration dates on the vials were for 2015 and 2016. Two of the six

vials were tested by the FDA. Both had punctures on the surfaces of the stopper and contained fentanyl that was heavily diluted.

This case is similar to *United States v. Van Cleave*, 4:17-cr-174, a case sentenced by then Chief Judge Jarvey on July 10, 2018. Victor Van Cleave was a pharmacy technician at a hospital in Des Moines and while employed, he tampered with 252 fentanyl vials, 18 hydromorphone vials and one lorazepam vial. Much like the defendant, Van Cleave removed the drugs with a clean needle and replaced it with sterile water and procured the drugs for his personal use. Van Cleave was sentenced to 30 months' imprisonment and 36 months' of supervised release to follow.

A sentence of 30 months' imprisonment in this case is sufficient and not greater than necessary. A slight variance from the guideline calculation is appropriate, pursuant to the 11(c)1(C) plea agreement, due to defendant's lack of criminal history, serious drug addiction and rehabilitative efforts the defendant has made since he self-reported his addiction. A prison sentence is warranted because the defendant's actions violated the trust patients placed in his oral surgery practice and damaged the integrity of the health care system. The defendant jeopardized the livelihood of his colleagues through his criminal acts. He should be punished accordingly.

## IV. Conclusion

For the reasons set forth above, the government recommends that the Court impose a sentence of 30 months' imprisonment.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: */s/Amy Jennings*
Amy Jennings
Rachel Scherle
Assistant United States Attorneys
U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: Amy.Jennings2@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2023, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system. I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

\_\_\_U.S. Mail  \_\_\_\_\_ Fax  \_\_\_\_\_Hand Delivery

 X   ECF/Electronic filing   \_\_\_Other means

UNITED STATES ATTORNEY
By: _/s/_Janna Colvin, Paralegal Specialist